# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERIMIAH EMMANUEL OLMEDO-VILLA,<br><br>                    Plaintiff,<br><br>   v.<br><br>MERRICK GARLAND, *et al.*,<br><br>                    Defendants. | Case No. 23-cv-01659-BAS<br><br>**ORDER DENYING PETITION AND CLOSING CASE**<br><br>**(ECF No. 2)** |

      Petitioner Jerimiah Emmanuel Olmedo-Villa filed a writ of habeas corpus ad prosequendum on September 8, 2023. He claims he was not arraigned in a timely fashion under Rule 5 of the Federal Rules of Criminal Procedure after he was arrested on September 6, 2023. (ECF No. 2.)

      Petitioner was set for an initial appearance on September 7, 2023. (*See* Case No. 23-mj-3246-KSC, ECF No. 4.) On that date, the Court appointed provisional counsel, but Petitioner was not produced from custody because he had tested positive for COVID-19. The Court continued his arraignment to September 8, then to September 12, and then further continued it in light of his positive test. (*Id.*, ECF Nos. 8 to 17.)

      Counsel files this writ, demanding that Petitioner be produced immediately in court for arraignment, or, in the alternative, that he be arraigned by video

teleconferencing ("VTC").  (ECF No. 2.)  The Government opposes.  (ECF Nos. 5, 7.)

Under Rule 5, after arrest, a person is entitled to a hearing before a Magistrate Judge "without unnecessary delay."  Fed. R. Crim. P. 5(a)(1).  "What constitutes 'unnecessary delay' is to be determined in light of all the facts and circumstances of the case."  *United States v. Savchenko*, 201 F.R.D. 503, 506 (S.D. Cal. 2001).  "Some delay is inevitable in a variety of circumstances."  *Id.*  Medical care of the defendant is a "legitimate and necessary (hence reasonable) delay[] and [is] not in violation of the Rule 5 requirement of promptness."  *Id.*; *United States v. George*, 987 F.2d 1428, 1431 (9th Cir. 1993) ("A delay cause by medical necessity does not violate Rule 5(a).").

In this case, the fact that Petitioner's Rule 5 hearing has been delayed because he has tested positive for COVID-19 is not unreasonable and does not constitute unnecessary delay.  There is no evidence the Government purposely delayed Petitioner's arraignment for any reason other than his positive COVID-19 test.  Not only is the delay necessary for Petitioner to receive medical care, but it is also necessary for the protection of other individuals in court, including U.S. Marshals, interpreters, attorneys, and other courtroom personnel.  Thus, the Court declines to order Petitioner to court as long as he tests positive for a highly contagious disease.

To the extent Petitioner demands that he be arraigned via VTC, the Court declines to so order.  The Government indicates the MCC, where Petitioner is being held, does not currently have VTC capabilities. (ECF No. 5.)  Although, under Rule 5(g), VTC may be used to conduct an appearance under Rule 5, this subsection does not require a court to adopt or use VTC.  *See* Fed. R. Crim. P. 5(g), Advisory and Committee Notes to 2002 Amendments.  Such VTC requires both the informed consent of the defendant as well as adequate procedures to make sure that defense counsel and the defendant are provided ample opportunity to meet in private.  Such protections and consent are difficult to obtain when the defendant has been diagnosed

1  with a contagious disease. Although this Court did use VTC during the declaration
2  of a Judicial Emergency due to the COVID-19 virus, individuals who tested positive
3  for the virus were quarantined and not produced for a VTC appearance, largely
4  because the Bureau of Prisons did not want individuals testing positive to be moved
5  and have contact with multiple individuals involved in the VTC procedure.
6  Furthermore, the Judicial Emergency under the CARES Act expired May 10, 2023.
7  *See In re Criminal Case Proceedings During the COVID-19 Public Emergency*,
8  Order of the Chief Judge No. 63-M (S.D. Cal. Apr. 13, 2023). Hence, the procedures
9  that were previously in place are no longer viable.

10  Petitioner's request to be produced in court despite his positive test for
11  COVID-19 and/or to be arraigned via VTC is **DENIED**. The clerk is directed to
12  close the case.

13  **IT IS SO ORDERED.**

15  DATED: September 12, 2023

Hon. Cynthia Bashant
United States District Judge